**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Alberta Rose Jones, et al., | NO. C 09-03860 JW |
| Petitioners, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| People, State of California, | |
| Respondent. | |

Presently before the Court is Petitioners' Petition for Writ of Habeas Corpus. (hereafter, "Petition," Docket Item No. 1.) Although the Petition does not explicitly claim relief for multiple people, it appears to be made on behalf of two Petitioners: Alberta Rose Jones and her son, Ryan Garrett Jones. Petitioners are acting in *pro se*. The Petition is, for the most part, incoherent. However, in light of Petitioners' *pro se* status, the Court liberally construes their claims.

Petitioners make their claims pursuant to 28 U.S.C. §§ 2241(c)(3), 2254(a), and 2255. The Court briefly reviews each statute for guidance. Section 2241(c)(3) provides, "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e [or she] is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254(a) provides that "a district court shall entertain an application for writ of habeas corpus of a person in custody in violation of the Constitution or laws or treaties of the United States." Section 2255 provides, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

1    In addition, the exhaustion doctrine, which the Petition does not reference but which is

2 nonetheless applicable here, is set out in Section 2254(b)(1), which provides:

3    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the
     judgment of a State court shall not be granted unless it appears that (A) the applicant has
4    exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of
     available State corrective process; or (ii) circumstances exist that render such process
5    ineffective to protect the rights of the applicant.

6    The Court will consider each of the Petitioner's claims in turn.

**A.    Alberta Rose Jones**

8    On August 13, 2009, Petitioner Alberta Rose Jones was charged with two counts of resisting

9 arrest and one count of filing a false police report. (Petition at 2.) Ms. Jones is currently awaiting

10 trial on these charges. (Petition at 2.) Petitioners contend that at the time of arrest, Ms. Jones was

11 "simply peacefully protesting her city officials reluctance to enforce local ordinances in her city and

12 county." (Petition at "Attachment.") Petitioners further contend that Ms. Jones was twice taken into

13 custody as a result of her protest activities, which violated her constitutional rights. (Id.)

14    The Court finds that none of the statutes that Petitioners cite in support of Ms. Jones' claims

15 are applicable under the circumstances described in the Petition. First, Section 2255 only applies to

16 prisoners in federal custody. Thus, Section 2255 cannot provide a basis for Ms. Jones' habeas

17 petition unless her claim is that she is or was detained in federal custody. There are no such

18 allegations on the face of the Petition.

19    Second, since Ms. Jones was charged under state statutes, and her proceedings are in state

20 court, Ms. Jones must exhaust all available state court remedies before she may petition for a writ of

21 habeas corpus. See 28 U.S.C. 2254(b)(1); Justices of Boston Municipal Court v. Lydon, 466 U.S.

22 294, 301 (1984) ("Where a state defendant is released on bail or on [her] own recognizance pending

23 trial or pending appeal, [she] must still contend with the requirements of the exhaustion doctrine if

24 [she] seeks habeas corpus relief in the federal courts."). Since Ms. Jones is still awaiting trial, she

25 has not yet had the opportunity to appeal the judgment of the superior court. Petitioners admit as

26 much in their Petition. See Petition at Questions 8 and 11(d) (checking "No" after the question,

27 "Did you appeal from the judgment of conviction?"; checking "No" after the question, "Did you

2

1  appeal to the highest state court having jurisdiction over the action taken on your petition,
2  application, or motion?").

3  Accordingly, the Court DENIES the Petition as it relates to Ms. Jones.

4  **B.** <u>**Ryan Garrett Jones**</u>

5  Petitioners contend that in a proceeding before a United States district court, Mr. Jones was
6  found competent to stand trial. (Petition at 3.) Petitioners further contend that Mr. Jones "was being
7  force medicated without a Sell Hearing," (<u>Id.</u> (referring to <u>Sell v. United States</u>, 539 U.S. 166
8  (2003)), that the court set "excess bail," and that the court did not hold a "bail hearing during
9  competency hearings." (Petition at Question 11(a)(5).) Finally, Petitioners contend that because he
10 is a military officer, Mr. Jones' case should be heard either in a military tribunal or a federal court.
11 (Petition at Question 12.)

12 Even reading the Petition in the manner most favorable to Mr. Jones, it is impossible to
13 determine whether Mr. Jones is currently in custody, and if so, whether the custody was imposed by
14 a state or federal court. If Mr. Jones is in state custody, he must exhaust all available state court
15 remedies before he may petition for a writ of habeas corpus. <u>See</u> 28 U.S.C. 2254(b)(1). There is no
16 indication that he has done so. If Mr. Jones is in federal custody, he must make clear to the Court
17 the nature of that custody and whether this Court was the Court which imposed such custody. There
18 are not such allegations on the face of the Petition.

19 Accordingly, the Court DENIES the Petition as it relates to Mr. Jones.

20 In sum, the Court DENIES the Petition for Writ of Habeas Corpus.

22 Dated: September 2, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alberta Rose Jones
Ryan Garrett Jones
1144 Tangerine Way
Sunnyvale, CA 94087

**Dated: September 2, 2009**                                **Richard W. Wieking, Clerk**

                                                            **By:     /s/ JW Chambers
                                                                    Elizabeth Garcia
                                                                    Courtroom Deputy**